UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAMEON TYRMAN RUSSELL,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 10-CR-20186
CIVIL CASE NO. 15-CV-12986

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Docs. 51, 56)

### I.    RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Respondent's Motion (Doc. 56) be **GRANTED**; that Petitioner's Motion (Doc. 51) be **DENIED**; and that the civil case be **DISMISSED**.

### II.    REPORT

    **A.**    **Introduction**

On August 20, 2015, Petitioner Dameon Russell's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 was filed. (Doc. 51.) On September 10, 2015, United States District Judge Thomas L. Ludington referred this matter to United States Magistrate Judge Patricia T. Morris. (Doc. 54.) On September 10, 2015, this Court ordered an answer from Respondent. On September 28, 2015, Respondent filed a Motion to Dismiss in lieu of a response. (Doc. 56.) Petitioner filed a Response to Respondent's Motion to Dismiss (Doc. 58,) Respondent filed a reply (Doc. 59,) and the court allowed Petitioner to file a sur-reply, which

he field on December 3, 2015. (Doc. 62.) These motions are therefore ready for Report and Recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

**B.      Background**

On April 19, 2010, Petitioner was charged in a six-count Indictment with conspiracy to possess with intent to distribute and to distribute 5 grams or more of a substance containing cocaine base in the form of crack cocaine (Count 1), possession with intent to distribute crack cocaine (Count 2), and distribution of crack cocaine (Counts 3-6) in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. 3.) On the day of trial, September 14, 2010, Petitioner pleaded guilty to all Counts. Petitioner filed a motion for alternative guideline calculation or for a downward departure for sentence below the guidelines. (Doc. 21.) On December 20, 2010, judgment entered, sentencing Petitioner to a total term of 292 months on Counts 1-6, with the terms of incarceration to run concurrently and also to run concurrent to the sentence of Judge David Lawson on October 14, 2010, with respect to a supervised release violation. (Doc. 25.) Petitioner appealed and on September 19, 2012, the Sixth Circuit vacated petitioner's sentence and remanded the case for resentencing pursuant to the Fair Sentencing Act. (Doc. 38.) An amended judgment was filed on January 24, 2013, sentencing Petitioner to a total term of imprisonment of 210 months on Counts 1-6, with the terms of incarceration to run concurrently. (Doc. 44.) Petitioner again appealed and on March 17, 2014, the Sixth Circuit denied his appeal, (Doc. 49,) and the mandate issued on April 15, 2014. (Doc. 50.) Petitioner did not seek a writ of certiorari from the United States Supreme Court. Petitioner filed his motion to vacate sentence on August 20, 2015. (Doc. 51.)

    **C.**    **Analysis and Conclusion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitations on 2255 petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f). It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). When a petitioner appeals to the Sixth Circuit, the appeal is dismissed, and there is no evidence that the petitioner sought a writ of certiorari to the United States Supreme Court, "§ 2255's one-year limitation period begins to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). Where there is no evidence that a writ of certiorari was pursued, the limitation period becomes one year after the time for seeking certiorari expired, i.e., one year and 69 days after the appeals court issued its mandate or one year and 90 days after the court of appeals entered its judgment. *Id.*

The one-year period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

3

In the instant case, the appeal was denied on March 17, 2014, (Doc. 49,) and the mandate issued on April 15, 2014. (Doc. 50.) Accordingly, the motion to vacate should have been filed by June 15, 2015. Petitioner filed his motion to vacate sentence on August 20, 2015. (Doc. 51.) Accordingly, his petition is untimely and should be dismissed.

Although it is not necessary to address Petitioner's argument since his motion is untimely, I note that Petitioner's vehement argument that *Johnson v. United States*, 135 S. Ct. 2551 (2015) controls and supports his position (Doc. 62) is misguided. The Court in *Johnson* held that imposing an increased sentence under the Armed Career Criminal Act violated due process because the residual clause was unconstitutionally vague, since it required a court to picture the kind of conduct that a crime involves in the ordinary case and then determine whether that abstraction presented a serious potential risk of injury. *Johnson*, 135 S. Ct. at 2553. Petitioner, on the other hand, argues that his due process rights have been violated because of the disparity between sentencings in state court versus federal court for the same controlled substance offense. Similar arguments have been squarely rejected. *See, e.g., United States v. Bovee*, 291 F. Supp. 2d 557, 563 (E.D. Mich. 2003) (allowing downward departures for federal sentences because Michigan courts would apply a lesser sentence would undermine the goal of uniformity that Congress sought to ensure in enacting the sentencing guidelines); *United States v. Schulle*, 144 F.3d 1107, 1110-11 (7th Cir. 1998); *United States v. Snyder*, 136 F.3d 65, 68-70 (1st Cir. 1998); *United States v. Searcy*, 132 F.3d 1421, 1422 (11th Cir. 1998).

For all these reasons, I recommend that the United States's Motion to Dismiss (Doc. 56) be granted and the motion to vacate sentence (Doc. 51) be denied.

### III. **REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 18, 2016	S/ PATRICIA T. MORRIS
	Patricia T. Morris
	United States Magistrate Judge


## CERTIFICATION

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Dameon Tyrman Russell 25936039 at Milan FCI, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

Date: March 18, 2016	By s/Kristen Krawczyk
	 Case Manager