UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAMEON TYRMAN RUSSELL

    Petitioner,

                 Case No. 10-cr-20186

v

                 Honorable Thomas L. Ludington
UNITED STATES OF AMERICA,   Magistrate Judge Patricia T. Morris

    Respondent.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITIONER'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255, DISMISSING PETITIONER'S PETITION, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On April 19, 2010 an indictment was issued charging Petitioner Russell with six counts: (1) conspiracy to possess with intent to distribute and five grams or more of crack cocaine in violation of 21 U.S.C. § 846 and § 841(b)(1)(B)(iii); (2) possession of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(b)(iii); and (3)-(6) knowing distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(841(b)(1)(C). Russell eventually pled guilty to all counts on September 14, 2010, and was sentenced on December 15, 2010 to 292 months, to run concurrently with a separate sentence resulting from a supervised release violation. ECF Nos. 32, 33. Judgment was entered on December 20, 2010. ECF No. 25.

Russell appealed, and on September 19, 2012, the Sixth Circuit vacated Russell's sentence and remanded the matter for resentencing under the Fair Sentencing Act of 2010. ECF No. 38. On January 17, 2013 Russell was resentenced to 210 months imprisonment, to run concurrently. *See* ECF No. 48. The amended judgment was entered on January 24, 2016. ECF

No. 44.  Russell filed a notice of appeal on January 29, 2013, and the Sixth Circuit affirmed his sentence on March 17, 2014.  ECF No. 49.  The mandate then issued on April 15, 2014.

## I.

On August 20, 2015, Russell filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that the Supreme Court's decision in *Johnston v. United States*, 135 S.Ct. 2551 (2015) required his sentence to be vacated.  ECF No. 51.  Russell did not argue that he was unconstitutionally sentenced under the residual clause of the Armed Career Criminal Act.  Instead, he argued that, under *Johnson,* his sentence violates his constitutional right to equal protection because federal law and state laws impose different punishments and penalties for identical crimes.

On September 28, 2015, Respondent United States moved to dismiss Russell's petition as untimely. ECF No. 56.  On March 18, 2016, Magistrate Judge Patricia T. Morris issued her report, recommending granting Respondent's motion to dismiss and denying and dismissing Russell's motion to vacate his sentence.  ECF No. 63.  The magistrate judge reasoned that, because the mandate from the Court of Appeals was issued on April 15, 2014, Russell's deadline to seek review from the Supreme Court, and therefore the date on which his judgment became final, expired on June 15, 2014. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004).  Because his appeal was filed over a year after that date, the magistrate judge concluded that Russell had failed to file his petition within the one-year statute of limitations established by the AEDPA, § 2255(f).

The magistrate judge also found that Russell had not stated a proper claim under *Johnson*.  She found that *Johnson* stood for the proposition that the residual clause of the Armed Career Offender Act was unconstitutionally vague because it required a court to picture the kind

of conduct that a crime involved in the ordinary case and then determine whether that abstraction presented a serious potential risk of injury. *See Johnson*, 135 S. Ct. at 2553. She therefore concluded that *Johnson* had no bearing on Russell's claim that the discrepancy between state and federal sentencing schemes rendered his sentence unconstitutional.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y*

*of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

Petitioner Russell raises two objections to the magistrate judge's report and recommendation. *See* ECF No. 64. First, he argues that the magistrate judge interpreted *Johnson* too narrowly, "miss[ing] the main thrust and import" of the decision. Second, he argues that the magistrate judge erred in finding his petition untimely. Both of these objections are without merit. The first objection is without merit because the magistrate judge was correct in her interpretation of *Johnson,* and correct in finding *Johnson* inapplicable to the present. *See United States v. Smith*, -- F.3d – (6th Cir. 2016). The second objection is without merit because Russell's § 2255 motion does not fall within the scope of *Johnson* or any other new rule of constitutional law that was previously unavailable, and is therefore untimely. *See* 28 U.S.C. §§ 2255(h)(2) & (f). Both objections will therefore be overruled.

**III.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve

- 5 -

encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that Petitioner Russell's objections, ECF No. 64, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 63, is **ADOPTED**.

It is further **ORDERED** that Respondent United States' motion to dismiss, ECF No. 56, is **GRANTED**.

It is further **ORDERED** that Petitioner Russell's motion to vacate his sentence, ECF No. 51, is **DENIED AND DISMISSED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

- 6 -

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 13, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 13, 2016.

s/Michael A. Sian  
MICHAEL A. SIAN, Case Manager